## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 15-4115-JFW (PJWx)**                                              Date:  June 29, 2015

Title:     Maria M. Flores De Ramirez -v- Select Portfolio Servicing, Inc., et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                                                      None

**PROCEEDINGS (IN CHAMBERS):**    **FURTHER ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED;**

                                                    **ORDER STRIKING MOTION TO REMAND [filed 6/17/15; Docket No. 17];**

                                                      **ORDER REQUIRING ADDITIONAL MEET AND CONFER;**

      Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  Local Rule 7-3.  Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion."  *Id.*  "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"  *Id.*  In addition, the Court's Standing Order further provides:

      Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. . . . All 7-3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.

Standing Order [Docket No. 8 at ¶ 5(b).

On June 8, 2015, the Court issued an Order to Show Cause ("OSC") why John Earl Mortimer, counsel for Plaintiff Maria M. Flores De Ramirez a/k/a Magdalena F. Rameriz ("Plaintiff"), should not be sanctioned in the amount of $1,500 or why this action should not be dismissed for Mr. Mortimer's refusal to respond to defense counsel's efforts to comply with Local Rule 7-3 with respect to Defendant Bank of America, N.A.'s Motion to Dismiss.  On June 13, 2015, Mr. Mortimer filed his Response to the OSC, in which he stated that he would "be more cognizant of both following the Local Rules and ensuring proper maintenance and progression of this action going forward."  Response, 4:6-7.  However, according to counsel for Select Portfolio Servicing, Inc. ("Select"), Mr. Mortimer failed to respond to counsel's telephone call and e-mail regarding Select's Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted.

On June 17, 2015, Plaintiff filed a Motion to Remand [Docket No. 17], in which Mr. Mortimer states that the parties conducted a meet and confer conference "on or about June 09, 2015" but were unable to resolve or narrow the issues.  Notice of Motion, 2:14-15.  The Court concludes that counsel for the parties failed to engage in an adequate meet and confer conference.

Accordingly, the Court hereby **STRIKES** Plaintiff's Motion to Remand [Docket No. 17] for failure to comply with Local Rule 7-3 and paragraph 5(b) of the Court's Standing Order.  If Plaintiff wishes to re-file its Motion to Remand, the parties shall meet and confer in person by **July 6, 2015**.  Within 3 days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved.  If a Motion to Remand remains necessary, Plaintiff shall not file it until 2 days after each party files the declaration required by this Order.

In addition, on or before July 6, 2015, John Earl Mortimer is ordered to show cause in writing why he should not be sanctioned in the amount of $3,000.00 for his continued violation of the Local Rules and the Court's Standing Order or why this action should not be dismissed.

No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action

IT IS SO ORDERED.